HORACE BURGER *v.* BEN PARKER *et al.**

(*Knoxville.* September Term, 1926.)

Opinion filed December 13, 1926.

### 1. ACTION. Distinction between local and transitory ones.

If the cause of action is one that might have arisen anywhere as an injury to the person, then it is transitory; but if it could only have arisen in one place, as an injury to or for the recovery of real estate, then it is local. (Post, p. 282.)

Cases cited: Cooley on Torts (2 Ed.), 451; 40 Cyc., Note 90; 3 Blackstone Commentaries, 294; Pearce v. Atwood, 13 Mass., 353; Shannon's Code, section 4513. Code 1858, sec. 2808.

### 2. SAME. Same.

The distinction exists in the nature of the subject of the injury complained of, and not in the means, in which, or the place at which, the injury was effected. (Post, p. 282.)

Cases cited: Mason v. Warner, 31 Mo., 508; 40 Cyc., 48.

### 3. ACTION. Tort. Public officers. Common law statutes.

Actions, in nature of trespass, or trespass on the case, against public officers for acts of omission or commission in the conduct of an office were transitory at common law, and in the absence of Statute they may be sued officially in another county in this State. (Post, p. 284.)

Cases cited: 40 Cyc., 87; page 85, Note 10, 27 R. C. L., 787.

### 4. SAME. Same. Same. Same.

The Early English Statute (21 Jac., 1. c. 12), declaring that actions against public officers should be brought in the county wherein the official resides has not been adopted as part of the common law of the American States; and if such statute ever prevailed in Tennessee, it has not been in force since the adoption of the Code of 1858. (Post, p. 285.)

Cases cited:   Foster v. Baldwin, 2 Mass., 569; Pearce v. Atwood, 13, Mass., 353; Gardner v. Kiehl, 182 Pa. St., 194; State v. Green, 5 Harr. (Del.), 270; Laws of North Carolina, ch. 31; Acts 1715, section 6 and 7; and chapter 5, Acts 1778, sections 1 and 2; State v. Miller, 79 Tenn., 626; Box v. Lanier, 112 Tenn., 416; Smith v. Bank, 115 Tenn., 16; Moss v. State, 131 Tenn., 105.

5.  ACTION.  Torts.  Sheriff.  Assault by, in another county.

An action against the sheriff of one county, and his official bondsmen, for an assault by him in another county, is a transitory action, although sued officially and not as an individual.   (Post, p. 285.)

Cases cited:   McCaslin v. McCord, 116 Tenn., 690; Pearce v. Atwood, 13 Mass., 353; Shannon's Code, section 4513.

---

*Headnotes 1. Venue, 40 Cyc., p. 19; 2. Venue, 40 Cyc., pp. 48, 87; 3. Sheriffs and Constables, 35 Cyc., p. 1796 (Anno.); 4. Statutes, 36 Cyc., p. 1081.

FROM HAMILTON.

---

Appeal from Circuit Court of Hamilton County.— HON. OSCAR YARNELL, Judge.

FORD & BRYAN, for appellant.

CHARLES C. MOORE, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Horace Burger, a resident of Hamilton county, instituted this suit against the Sheriff of Marion county, and his official bondsmen, to recover damages for an as-

sault committed upon him by said Sheriff in Marion county.

By a plea in abatement said sheriff and his bondsmen made the question that this suit cannot be prosecuted in Hamilton county for the reason that the cause of action is local and not transitory.

The trial court sustained said plea and dismissed the suit, and plaintiff has appealed to this court and assigned the judgment of the trial court for error.

It is conceded that the action would be maintainable in Hamilton county had the sheriff been sued as an individual, but a distinction is sought to be made where the sheriff is sued officially, upon the idea that he, as sheriff, could not commit the offense in another county since his jurisdiction is limited to the county for which he is elected sheriff. *McCaslin* v. *McCord,* 116 Tenn., 690.

Section 4513 of Shannon's Code is as follows: "In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided."

In *Pearce* v. *Atwood,* 13 Mass., 353, it was said: "But we believe that the Legislature, in the use of the phrase transitory action, had reference to the general common-law division of actions into transitory and local, and not to such actions as, by any particular statute of England, were confined to particular counties."

Blackstone describes local actions as being those in which "possession of land is to be recovered, or damages for an actual trespass, or for waste, etc., affecting land;" and transitory actions as being those which are brought for "injuries that might have happened any-

where, as debt, detinue, slander and the like." 3 Blackstone Commentaries, 294.

Perhaps the best distinction to be found between local and transitory actions is that "if the cause of action is one that might have arisen anywhere, then it is transitory; but if it could only have arisen in one place, then it is local; and for the most part, actions which are local are those brought for the recovery of real estate or for injuries thereto, or for easements." Cooley on Torts (2 Ed.), 451.

These definitions have been approved by many courts as will be seen from the cases listed in 40 Cyc., 19, note 80.

The plaintiff could have been assaulted in any county, although not by the Sheriff of Marion county officially. But the distinction which the authorities seem to sustain is that the subject of the injury, rather than the means used, is the determining factor. If the subject is local, and cannot be injured at any other place, then the cause of action is local. As previously stated, in the instant case the plaintiff, the subject, could have been injured, by assault, in any county in the State.

In *Mason* v. *Warner,* 31 Mo., 508, it was said: "The distinction exists in the nature of the subject of the injury complained of, and not in the means, in which, or the place at which, the injury was effected."

In 40 Cyc., 48, it is said: "The best test throughout this class of localized actions turns on the situation of 'the subject of the action.' By this is meant, in some cases, not that which has caused the injury but that which has sustained the injury."

We have been referred to no case holding that, in the absence of statute, a sheriff may not be sued officially in another county.

In 40 Cyc., 87, it is said: "Actions, in the nature of trespass or trespass on the case, against public officers for acts of omission or commission in the conduct of an office, were transitory at common law; but by statute many of such actions were localized. Similar legislation followed in America at an early day, but not in all states."

In the same book, on page 85, note 10, it will be noted that in most of the states such actions have been localized by statute, but it is conceded that no statute of this character exists in Tennessee.

In 27 R. C. L., 787, it is said: "Though in the case of municipal corporations a somewhat different rule obtains, ordinarily the character of the parties to a suit, whether natural persons or artificial, or belonging to some other distinct class, in no wise affects the nature of the action as local or transitory. Thus, actions against public officers for personal wrongs are subject primarily to the same legal requirements respecting venue as are similar actions against others. In the absence of statute tort actions against public officers are not to be deemed to be local, it seems. Like actions of the same character against private individuals they are transitory and suit may be instituted in a county other than that in which the officer performs his official acts, or wherever jurisdiction of the person may be acquired. This is true despite an early English statute (21 Jac. 1. c. 12) making such actions local, the statute declaring that actions against public officers should be brought in

the county wherein the officers reside. That statute, although enacted in colonial times, has not been adopted as part of the common law of the American states.''

The following cases support the above texts: *Foster* v. *Baldwin,* 2 Mass., 569; *Pearce* v. *Atwood,* 13 Mass., 353; *Gardner* v. *Kiehl,* 182 Pa. St., 194; *State* v. *Green,* 5 Harr. (Del.), 270.

Both upon principle and authority it seems that an action of this character is transitory in Tennessee.

Reference has been made in one of the briefs filed by counsel to an early English statute (21 Jac., 1. c. 12,) localizing suits against officials.

There is doubt as to whether that statute included suits against sheriffs. *Gardner* v. *Kiehl,* supra. Also as to whether it was ever a part of the law of this State. Ruling Case Law, supra.

Laws of North Carolina, chapter 31 of the Acts of 1715, sections 6 & 7; and chapter 5 of the Acts of 1778, sections 1 & 2.

It is unnecessary to determine these questions, since, if it were, it was repealed by the adoption of the Code of 1858.

In *State* v. *Miller,* 79 Tenn., 626, it was said:

''The statutes we have cited from, N. & C. revised, had been passed, and were public and general acts, passed prior to this enactment. By these acts certain English statutes were adopted as in force in this State. But these acts of our Legislature are definitely repealed by the Code we have cited, and no like enactment made, nor are they included in the exceptions found in section 41.

"It follows necessarily that all laws which adopted and kept in force any English statute previous to this time, as a statute of the State of Tennessee, being repealed, and a new body of statute law having been compiled and enacted, embracing all the subjects of our former statute law, no statutes were to be henceforward in force except such as are provided for. For instance, the statute of James, as well as other provisions of our Statute of Limitations of personal actions, was in many respects changed in the Code. No one has ever doubted but that the Code contains all our law on this subject.

"For these reasons we have no doubt of the proposition, that no English statute as such is in force in our State since the Code."

The foregoing statement was subsequently approved by this court in *Box* v. *Lanier*, 112 Tenn., 416, and *Smith* v. *Bank*, 115 Tenn., 18.

An exception is recognized in cases, decided subsequent to the compilation of the Code of 1858, adopting the principles of the statutes referred to, but such cases were not based upon the idea that the English statutes were in force in this State. *State* v. *Miller*, supra; *Moss* v. *State*, 131 Tenn., 105.

Being of the opinion that section 4513 of Shannon's Code referred to the general common-law division of actions into transitory and local, and not to such actions as, by any particular statute of England, were confined to particular counties; and being further of the opinion that if such statute ever prevailed here it has not been in force in this State since the Code of 1858, we feel constrained to hold that the cause of action in the instant case involved was transitory, and that the trial

court committed error in sustaining the plea in abatement and dismissing the suit of the plaintiff.

The judgment of the trial court will be reversed and the case remanded for further proceedings.