ANTONIO SWEATT,                     )

     Petitioner/Appellant,       )     Appeal No.

v.                              )     01-A-01-9706-CH-00247

ROBERT CONLEY, Warden, WILLIAM   )

CALHOUN, Unit Manager, DALE      )

BASHAM, Inmate Relations Coordinator,  )     Chancery Court No.

SHELIA ROBERTS, Counsel, HATTIE   )     96-1100-III

MOORE, Inmate Relations Coordinator,  )

EDNA FREEMAN, Health Administrator,  )

DR. HAROLD BUTLER, Medical      )

Physician,                       )

     Respondents/Appellees.     )

**FILED**

**December 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE DAVIDSON COUNTY CHANCERY COURT

AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

MR. ANTONIO SWEATT, PRO SE
TDOC #143176
L.C.R.C.F.
Rt. #1, Box #330
Tiptonville, Tennessee 38079

JOHN KNOX WALKUP
Attorney General & Reporter
ABIGAIL TURNER
Assistant Attorney General
Civil Rights & Claims Division
2nd Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
     ATTORNEY FOR RESPONDENTS/APPELLEES, ROBERT CONLEY,
     WILLIAM CALHOUN, DALE BASHAM, SHELIA ROBERTS, HATTIE
     MOORE, AND EDNA FREEMAN

C. HAYES COONEY
Watkins, McGugin, McNeilly & Rowan, P.L.L.C.
214 2nd Avenue North, Suite 300
Nashville, Tennessee 37201-1638
     ATTORNEY FOR RESPONDENT/APPELLEE, DR. HAROLD BUTLER

AFFIRMED AS MODIFIED AND REMANDED

SAMUEL L. LEWIS, JUDGE

OPINION

This is an appeal by petitioner/appellant, Antonio Sweatt, from an order of the Davidson County Chancery Court dismissing Appellant's petition against respondents/appellees Robert Conley, William Calhoun, Dale Basham, Shelia Roberts, Hattie Moore, Edna Freeman, and Dr. Harold Butler. The chancery court dismissed Appellant's petition with prejudice after determining Appellant failed to state a claim upon which relief could be granted. The facts out of which this matter arose are as follows.

Appellant is an inmate in the custody of the Tennessee Department of Correction and housed at the Lake County Regional Correction Facility ("the Facility"). Mr. Sweat filed a "petition for writ of mandamus petition for a declaratory order and motion for temporary and permanent injunctive and affirmative equitable relief with brief memorandum in support" on 8 April 1996. In his petition, Appellant alleged the respondents[1] violated his Constitutional rights by confining him to a cell with a smoker. Appellant alleged he first requested placement in the non-smoking guild upon entering the Facility on 1 March 1995. Appellant explained to Appellees and Dr. Butler that doctors had diagnosed him with chronic sinusitis and that inhaling second-hand cigarette smoke caused him to suffer nosebleeds, migraine headaches, and a swollen tongue. Finally, Mr. Sweat alleged that he filed numerous grievances. Ultimately, the Facility transferred Appellant to the non-smoking guild on 11 April 1995. In his petition, however, Appellant alleged he was still forced to breathe second-hand smoke despite his transfer because Appellees allowed "active heavy smokers" to live in the non-smoking guild.

Dr. Butler filed a motion to dismiss on 30 April 1996. He contended venue was improper under Tennessee Code Annotated section 20-4-102 and forum non conveniens. Appellant filed a motion to amend his complaint on 6 May 1996. He sought to add eight parties and a claim involving retaliation. Appellees filed a motion to dismiss for lack of venue and forum non conveniens on 8 May 1996.

The court filed an order on 31 May 1996 addressing Dr. Butler's motion. The

_____

[1] Respondents Conley, Calhoun, Basham, Roberts, Moore, and Freeman will be referred to as ("Appellees"), and respondent Dr. Harold Butler will be referred to as "Dr. Butler."

2

court dismissed the action "on the grounds that venue does not lie in Davidson County, Tennessee." On 17 June 1996, the court filed an order granting Appellant's motion for leave to file an amended complaint and overruling Appellees' motion to dismiss for lack of venue. The court did not explain the basis for its decisions. Appellees filed a motion to dismiss for failure to state a claim upon which relief can be granted on 9 July 1996.

Appellant filed a motion for summary judgment on 18 July 1996. Appellees filed a motion to strike Appellant's motion for summary judgment. Their motion stated: "As a basis for this motion, [Appellees] rely on the disjointed and inconsistent nature of the documents and on the [Appellant's] failure to follow Local Rule 12.05(c), and provide defendants with a notice of hearing."[2] The court granted Appellees' motion on 4 September 1996. Appellant filed a motion for leave to file a supplemental complaint on 22 January 1997.

The court filed a memorandum and order on 24 January 1997. The court held Appellant failed to state a claim for a declaratory judgment for the following reasons: 1) Appellant failed to allege he requested a declaratory order from the agency as required by Tennessee Code Annotated section 4-5-224(b); 2) Appellant failed to specify any statute, rule, or order as the subject of the action; 3) Appellant improperly sought a declaratory judgment against state officers in their official capacity; and 4) Appellant's claim is actually a section 1983 action for the violation of his civil rights. The court also determined the complaint failed to state a claim requiring the relief of mandamus because the petition failed "to set forth or define any preemptory obligation to act with respect to the cell assignment by the petitioner or his roommate." Given its findings, the court dismissed Appellant's action with prejudice. Thereafter, Appellant filed a notice of appeal from the 24 January order. The court entered a final order on 4 February 1997. The court overruled Appellant's

---

[2] Appellant's motion for summary judgment stated:

Comes Now, the plaintiff, Antonio Sweatt (hereinafter referred to as plaintiff), by and through Pro-se counsel, and pursuant to Tennessee Rules of Civil Procedure, rule 56 hereby move the court to summarily granting the Motion of Plaintiff's because there is Genuine dispute as to a summary judgment as a matter of law. The Plaintiff is entitled to summary judgment rejecting the defendants demands against him as a matter of law supported by the contemporaneously filed Memorandum of Law i[n] Support of Motion for Summary Judgment. In Further support of this Motion for summary Judgment, plaintiff contemporaneously file a statement of Disputed Facts, and Exhibits.

outstanding motions, including his motion for leave to file a supplemental complaint, after determining the motions were moot.

Appellant lists twelve issues for our review, nevertheless, there appear to be only four disputes. These are: 1) whether the court erred in granting Appellees'[3] motion to dismiss for failure to state a claim upon which relief can be granted; 2) whether the court erred in granting Respondent's motion to stay discovery; 3) whether the court erred in dismissing Appellant's motion for summary judgment; and 4) whether the court erred in overruling Appellant's motion for leave to file a supplemental complaint.

## I.    MOTION TO DISMISS

Tennessee Rules of Civil Procedure 12.02 describes the different types of motions to dismiss and how a party should present the defense asserted in the motion. The rule provides: "[T]he following defenses may at the option of the pleader be made by motion in writing: (1) lack of jurisdiction over the subject matter . . . (3) improper venue . . . (6) failure to state a claim upon which relief can be granted . . . ." TENN R. CIV. P. 12.02. Appellees' motion specifically stated the basis of its motion as number six, failure to state a claim upon which relief can be granted.

A motion to dismiss for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a complaint; it admits the truth of all relevant and material allegations, 'but asserts that such *facts* do not constitute a cause of action as a matter of law.'" *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997) (quoting *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838 (Tenn.1996) (emphasis added)). "In reviewing an appeal from an order dismissing a suit for failure to state a claim upon which relief can be granted, we obviously are limited to the allegations in the complaint, and we must construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true." *Randolph v. Dominion Bank*, 826 S.W.2d 477, 478 (Tenn. App. 1991) (citing *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975)). "However, the inferences to be drawn from the facts or the legal

---

[3] Appellant's notice of appeal expressly states that he is appealing the 24 January 1997 order. It does not mention the 31 May 1996 order granting Dr. Butler's motion. Therefore, it is the opinion of this court that this appeal involves only those respondents referred to herein as "Appellees."

conclusions set forth in a complaint are not required to be taken as true." ***Riggs***, 941 S.W.2d at 47-8 (citing ***Dobbs v. Guenther***, 846 S.W.2d 270, 273 (Tenn. App.1992)).

Appellant's petition attempts to state three claims. The first two, writ of mandamus and declaratory judgment, are listed in the caption. The third claim, violation of Appellant's civil rights, is apparent from a reading of the petition. Thus, the issue before this court is whether the petition, using the test stated above, states a claim for writ of mandamus, declaratory judgment, or violation of civil rights.

## A.      WRIT OF MANDAMUS

A writ of mandamus is "a summary remedy, extraordinary in its nature." ***Peerless Constr. Co. v. Bass***, 158 Tenn. 518, 522, 14 S.W.2d 732, 733 (1929). "'The office of mandamus is to execute, not adjudicate. It does not ascertain or adjust mutual claims or rights between the parties. If the right be doubtful, it must be first established in some other form of action; mandamus will not lie to establish as well as enforce a claim of uncertain merit.'" ***Id.*** at 732 (quoting FERRIS, EXTRAORDINARY LEGAL REMEDIES § 194) (quoted in ***Paduch v. City of Johnson City***, 896 S.W.2d 767, 770 (Tenn. 1995)). Another requisite of obtaining a writ of mandamus is the lack of any other "specific remedy to enforce the right." ***Hayes v. Civil Serv. Comm'n***, 907 S.W.2d 826, 828 (Tenn. App. 1995). "Mandamus generally will not be issued if the petitioner has a legal remedy that is equally convenient, complete, beneficial, and effective . . . ." ***Meighan v. U.S. Sprint Communications Co.***, 942 S.W.2d 476, 479 (Tenn. 1997).

Appellants' petition fails to state a claim for writ of mandamus. Appellant alleges in his petition that there are non-smoking policies at the Facility, in particular policy number 112.10. Appellant also contends appellee Robert Conley failed to enforce these policies. For the sake of this opinion, we will assume Appellant has a right to have these policies enforced and Appellees have an obligation to enforce the policies. As previously stated, Appellant has attempted to state a section 1983 civil rights claim for damages and a declaratory judgment claim in addition to his petition for writ of mandamus. The Tennessee Supreme Court has held that a "§ 1983 is an adequate remedy, thus obviating the need for a writ of mandamus . . . ." ***Davis v.***

*McClaran*, 909 S.W.2d 412, 420 n.8 (Tenn. 1995). Moreover, a party may petition a court to determine the "legal validity or applicability of a statute, rule or order of an agency." TENN. CODE ANN. § 4-5-224(a) (Supp. 1997). As a matter of law, Appellant could not have stated a claim for a writ of mandamus if he had other remedies available. Clearly, this is the case. Appellant could have a remedy under either section 1983 or Tennessee Code Annotated section 4-5-224.

## B.    DECLARATORY JUDGMENT

Appellant asserts a declaratory judgment claim under the Declaratory Judgment Act, Tennessee Code Annotated section 29-14-103, and the Uniform Administrative Procedures Act, Tennessee Code Annotated section 4-5-224. We address each of these claim separately.

The Declaratory Judgment Act provides:

> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

*Id.* § 29-14-103 (1980). There are, however, certain limitations on a court's ability to hear claims based on the above section. Specifically, a court may not entertain a suit "against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property." *Id.* § 20-13-102 (1994); *see Hill v. Beeler*, 199 Tenn. 325, 332, 286 S.W.2d 868, 871 (1956); *Campbell v. Sundquist*, 926 S.W.2d 250, 256-57 (Tenn. App. 1996); *Carter v. McWherter*, 859 S.W.2d 343, 346 (Tenn. App. 1993). It is the opinion of this court that Appellant seeks to reach the state treasury through this action and that the chancery court does not have jurisdiction to hear the case for this reason.

Appellant also attempts to bring a declaratory judgment action under Tennessee Code Annotated section 4-5-224. This section allows a party to seek a declaratory judgment to challenge the "legal validity or applicability of a statute, rule or order of an agency to specified circumstances." TENN. CODE ANN. § 4-5-224(a) (Supp.1997). A party must, however, seek a declaratory order from the agency prior

to filing a petition for declaratory judgment. *See id.* § 4-5-224(b). The chancery court stated as follows in its memorandum and order:

> In the complaint there is no allegation that the petitioner sought any relief from the agency before he invoked the jurisdiction of this Court. Accordingly, any claim the petitioner is making under Tennessee Code Annotated section 4-5-224(b) must be dismissed on the grounds that this Court does not have jurisdiction under that statute where that agency has not been first petitioned.

It is the opinion of this court that the chancery court correctly concluded that it lacked subject matter jurisdiction.


## C.  SECTION 1983 CIVIL RIGHTS ACTION


Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.A. § 1983 (Supp. 1997). Thus, a petitioner must at the very least allege: 1) he or she is a citizen of the United States or within the jurisdiction; 2) he or she possesses a right, privilege, or immunity secured by the Constitution or laws of the United States; 3) a person acting under color of state law deprived the petitioner of that right, privilege, or immunity. It is the opinion of this court that Appellant met these requirements. He alleged Appellees violated his constitutional rights when they refused to transfer him to a non-smoking guild and then refused to enforce the non-smoking policy once they had transferred Appellant. In addition, Appellant alleged in detail the position held by each respondent and their role in depriving Appellant of his constitutional rights. Appellant stated a claim under title 42 section 1983 of the United States Code.


Appellees, however, also raise the issue of venue in their brief. It is their contention that Appellant's petition failed to allege facts establishing that venue lies in the Davidson County Chancery Court. The chancery court overruled Appellees' motion to dismiss for improper venue in its 17 June 1996 order. Unfortunately, the court did not provide any explanation for its decision. We can only assume the court

7

based its improper venue determination on the declaratory judgement and writ of mandamus actions because these were the only actions addressed by the court when deciding Appellees' motion to dismiss for failure to state a claim. Thus, it seems the chancery court did not determine whether venue was proper given the fact that Appellant stated a section 1983 claim.

It is the opinion of this court that venue in the Davidson County Chancery Court is improper. A claim for a violation of civil rights is a transitory action.[4] Tennessee Code Annotated section 20-4-101 provides where venue lies in civil actions of a transitory nature.[5] That section provides:

> (a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.
> (b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.

TENN. CODE ANN. § 20-4-101(a),(b) (1994). There are no statutes specifically providing for venue in section 1983 actions. Thus, the proper venue in this case is either in the county where the cause of action arose or in the county where Appellees reside or are found. *See id.*

It is clear from the petition that the cause of action arose at the Facility in Lake County. In addition, we know from the petition that Appellees Calhoun, Basham, Roberts, Moore, and Freeman worked in Lake County and Appellee Conley worked in Lauderdale County at the time Appellant filed the petition. There are not, however, any allegations regarding the residences of Appellees or any evidence of where Appellees were found. It is reasonable to infer, however, that Appellees did

---

[4] "Transitory actions are actions for causes that may have happened anywhere . . . ." *Curtis v. Garrison*, 211 Tenn. 339, 342, 364 S.W.2d 933, 934 (1963). A cause of action that may arise anywhere is transitory, but one that could arise only in one place is local. *See Burger v. Parker*, 154 Tenn. 279, 290 S.W. 22, 22 (1927). A person may violate another's civil rights anywhere, thus, a claim for the violation is a transitory action. *See id.* at 22-23

[5] In 1996, the general Assembly enacted a set of statutes governing the filing of lawsuits by inmates. *See* 1996 TENN. PUB. ACTS ch. 913. Included within these statutes is a provision requiring a plaintiff inmate to file a claim for an action which accrued while the plaintiff was an inmate in the county in which the facility is located. *See id.* § 3. These statutes are not, however, applicable to the instant case as they were not effective until 8 May 1996 and Appellant filed his petition in April 1996.

8

not reside in Davidson County and were not found in Davidson County as Lauderdale and Lake Counties are on the western boundary of the State and Davidson County is near the center of the State. Because the cause of action did not arise in Davidson County and Appellees did not reside in or were not found in Davidson County, venue did not lie in Davidson County. Thus, the chancery court erred when it overruled Appellees' motion to dismiss for improper venue. Moreover, pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure this court holds that venue was also improper as to those respondents added as a result of the amended petition. Our reasoning being the same as that stated above.

It is the opinion of this court that Appellant failed to state a claim for writ of mandamus and that the Davidson County Chancery Court lacked subject matter jurisdiction over the declaratory judgment actions. Appellant stated a claim for a violation of his civil rights under title 42 section 1983 of the United States Code, but filed his claim in the wrong court. It is the opinion of this court that the motion to dismiss should have been granted for the above stated reasons. Given our decision, it is our opinion that the claim for writ of mandamus should be dismissed with prejudice and the declaratory judgment actions and the section 1983 action should be dismissed without prejudice. *See* TENN. R. CIV. P. 41.02(3); ***Randle v. Lyle***, 682 S.W.2d 219, 220 (Tenn. App. 1984).

## II.  OTHER MOTIONS

### A.  MOTION TO STAY DISCOVERY

It is the opinion of this court that the chancery court did not err in granting Appellees' motion to stay discovery pending the outcome of the motion to dismiss for failure to state a claim. The holding was appropriate given the nature of the pending motion and burden of continuing discovery.

### B.  MOTION FOR SUMMARY JUDGMENT

It is the opinion of this court that the chancery court correctly dismissed Appellant's motion for summary judgment. Not only was the motion incomprehensible, but it admitted there were disputed, genuine issues of fact. A party

9

is not entitled to summary judgment if there are genuine issues of material fact. ***Byrd v. Hall***, 847 S.W.2d 208, 214 (Tenn. 1993). The Tennessee Supreme Court defined a material fact as follows:

> A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed. Therefore, when confronted with a disputed fact, the court must examine the elements of the claim or defense at issue in the motion to determine whether the resolution of that fact will effect the disposition of any of those claims or defenses.

*Id.* at 215. The record in this case contains disputes over facts material to the determination of whether Appellees violated Appellant's constitutional rights. Therefore, we find no error with the chancery court's decision to dismiss Appellant's motion for summary judgment.

### C. MOTION TO SUPPLEMENT

The Tennessee Rules of Civil Procedure provide:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.

Appellant had already amended his complaint once when he filed the motion to supplement his petition. Thus, it was necessary to receive written consent of Appellees and the respondents added as a result of the first amendment or permission from the court.

The chancery court denied Appellant's request. It determined the issue was moot because the court had dismissed the case for failure to state a claim upon which relief can be granted. We agree with the trial court's ruling.

### III. CONCLUSION

Therefore, it follows that the decision of the chancery court is affirmed as modified. The case is remanded for the entry of a judgment in conformity with this decision and for any further necessary proceedings. Costs of appeal are taxed against petitioner/appellant, Antonio Sweatt.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR. JUDGE