IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2001

## CURLEY HOWSE v. DONAL CAMPBELL, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 98C-3351     Hamilton V. Gayden, Judge**

---

**No. M1999-01580-COA-R3-CV - Filed May 2, 2001**

---

This is a pro se civil rights action brought by a prisoner challenging the conditions of his confinement and his treatment by employees of the Tennessee Department of Correction and the Northwest Correctional Center in Lake County. After the prisoner's suit was transferred from the Chancery Court for Davidson County to the Circuit Court for Davidson County, the various defendants filed separate motions to dismiss the case for improper venue. The trial court granted the motions and dismissed all the prisoner's claims. On this appeal, the prisoner asserts that his claims should not have been dismissed. We have determined that the prisoner has not properly perfected an appeal with regard to the dismissal of his claims against the Commissioner of Correction and three other employees and that the trial court correctly dismissed his claim against the medical director of the Northwest Correctional Center for improper venue. Accordingly, we affirm the dismissal of the prisoner's complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Curley Howse, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, Nashville, Tennessee, for the appellees, Donal Campbell, Darrell Alley, Troy Ferrell, and Brad Poole.

C. Hayes Cooney, Nashville, Tennessee, for the appellee, Harold D. Butler.

## OPINION

In 1980, Curley Howse, a self-proclaimed street preacher, was arrested for raping one male and two female children under thirteen years of age. After testifying that he directed his ministry toward young children in order to teach them sexuality from a spiritual standpoint, a Davidson

County jury convicted Mr. Howse of one count of aggravated rape and two counts of aggravated sexual battery. He received a life sentence for the rape conviction and two thirty-five year sentences for the aggravated sexual battery convictions. All these convictions were ordered to be served consecutively.[1] Mr. Howse is currently incarcerated at the Turney Center in Only, Tennessee.

Mr. Howse, who has been diagnosed as schizophrenic and mentally retarded,[2] is no stranger to Tennessee's courts.[3] In November 1997, he filed a long, handwritten complaint against Donal Campbell, the Commissioner of Correction, and others in the Chancery Court for Davidson County. The complaint is essentially indecipherable, but apparently alleges that Commissioner Campbell and others have violated his First, Sixth, Eighth, and Fourteenth Amendment rights by beating him, sexually assaulting him, serving him food under unsanitary conditions, and by depriving him of medical treatment, as well as access to the prison law library, shower facilities, and telephones.[4] According to Mr. Howse, all this conduct occurred while he was incarcerated at the Northwest Correctional Center in Lake County.

Mr. Howse did not properly serve the defendants with process until September 1998. Thereafter, in October 1998, the case was transferred to the Circuit Court for Davidson County. On January 13, 1999, Commissioner Campbell and three other defendants moved to dismiss Mr. Howse's complaint against them for improper venue. The following day, the remaining defendant, Dr. Harold D. Butler, the medical director of the Lake County Correctional Center, filed a separate motion to dismiss for improper venue. On March 11, 1999, the trial court dismissed Mr. Howse's claims against Dr. Butler for improper venue.[5] The trial court dismissed Mr. Howse's claims against the remaining defendants on March 22, 2000. Mr. Howse did not file another notice of appeal.

---

[1] Mr. Howse's convictions were affirmed on direct appeal. *State v. Howse*, 634 S.W.2d 652 (Tenn. Crim. App. 1982). His two attempts to collaterally attack his convictions were likewise unsuccessful. *Howse v. State*, No. 87-241-III, 1989 WL 4942 (Tenn. Crim. App. Jan. 24, 1989), *perm. app. denied* (Tenn. May 8, 1989); *State v. Howse*, No. 83-12-III (Tenn. Ct. App. Jan. 6, 1984), *perm. app. denied* (Tenn. Mar. 19, 1984).

[2] *State v. Howse*, 634 S.W.2d at 654.

[3] Mr. Howse has commenced other actions in state courts, including three cases that have reached this court. *Howse v. Johnson*, No. M1998-00513-COA-R3-CV, 2000 WL 758469 (Tenn. Ct. App. June 13, 2000) (No Tenn. R. App. P. 11 application filed); *Howse v. State*, 994 S.W.2d 139 (Tenn. Ct. App. 1999); *Howse v. State*, No. 01A01-9309-BC-00410, 1994 WL 55364 (Tenn. Ct. App. Feb. 25, 1994) (No Tenn. R. App. P. 11 application filed).

[4] Many of the incidents recounted in Mr. Howse's rambling complaint appear to have been involved in one or more of his other lawsuits.

[5] On October 18, 1999, Mr. Howse filed a notice of appeal from the trial court's March 11, 1999 order. The trial court granted Dr. Butler's motion to dismiss Mr. Howse's appeal because his notice was untimely. We reversed the trial court's decision because it did not have authority to dismiss an appeal and because the March 11, 1999 order was not final because it did not resolve all the claims between all the parties. We characterized Mr. Howse's October 18, 1999 notice of appeal as "premature" in accordance with Tenn. R. App. P. 4(d).

**I.**

We turn first to the viability of Mr. Howse's appeal regarding the March 22, 2000 dismissal of his claims against Commissioner Campbell and three other employees of the Department of Correction. The Commissioner and these employees assert that Mr. Howse's appeal regarding the dismissal of his claims against them should be dismissed because he did not file a second notice of appeal specifically naming them as appellees or stating that he was appealing from the trial court's March 22, 2000 order.

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397. Accordingly, we measure the papers prepared by pro se litigants using standards that are somewhat less stringent than those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S. Ct. 173, 176 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

The purpose of a notice of appeal is to signify in a formal way that a party intends to appeal a trial court's final decision. Tenn. R. App. P. 3 advisory comm'n cmt. (f); Tenn. R. App. P. 13 advisory comm'n cmt. (a). Tenn. R. App. P. 3(f) governs the contents of the notice. It requires as follows:

> The notice of appeal shall specify the party or parties taking the appeal, shall designate the judgment from which relief is sought, and shall name the court to which the appeal is taken. An appeal shall not be dismissed for informality of form or title of the notice of appeal.

Because of the importance of a notice of appeal, the Tennessee Rules of Appellate Procedure provide a suggested form, Tenn. R. App. P. appendix A, Form 1, and Tenn. R. App. P. 48 states that the use of this form will satisfy all applicable requirements. In addition, the web site maintained by the Administrative Office of the Courts provides another notice of appeal form prepared by the Clerk of the appellate courts.

Parties seeking to perfect an appeal to this court ignore the requirements of Tenn. R. App. P. 3 at their peril. On two occasions, we have held that a person who is not named as an appellant on the notice of appeal will not be deemed to be an appellant. *McGaugh v. Galbreath*, 996 S.W.2d 186, 189 (Tenn. Ct. App. 1998); *Town of Carthage v. Smith County*, No. 01A01-9308-CH-00391, 1995 WL 92266, at *3-4 (Tenn. Ct. App. Mar. 8, 1995) (No Tenn. R. App. P. 11 application filed). However, we have also declined to dismiss an appeal simply because the notice of appeal failed to identify the court to which the appeal was being taken. *Searle v. Pfister*, No. M2000-00731-COA-R3-CV, 2000 WL 1862841, at *3 (Tenn. Ct. App. Dec. 21, 2000) (No Tenn. R. App. P. 11 application filed). We concluded in *Searle v. Pfister* that the appellant's failure to name the court to which the appeal was being taken did not compromise the effectiveness of the notice in alerting the appellees that the appellant intended to seek further judicial review of the trial court's judgment.

Mr. Howse's failure to file a second notice of appeal with regard to the March 20, 2000, dismissal of his claims against Commissioner Campbell and three of the other defendants undermined the notice function that notices of appeal are intended to serve. By failing to file a second notice of appeal, Mr. Howse left the parties to guess whether he intended to appeal the dismissal of all his claims, the dismissal of his claims against Dr. Butler adjudicated in the March 11, 1999 order, the dismissal of his claims against Commissioner Campbell and the other defendants adjudicated in the March 22, 2000 order, or whether he intended to appeal at all. This confusion is evidenced by the trial court clerk's seven month delay in certifying and transmitting the appellate record to this court.

In accordance with Tenn. R. App. P. 4(d), we will treat Mr. Howse's October 18, 1999 notice of appeal regarding his claims against Dr. Butler as being timely filed. However, because this notice of appeal does not, and indeed could not, state that Mr. Howse desires to appeal from the March 22, 2000 order dismissing his claims against the remaining defendants, it applies only to Mr. Howse's claims against Dr. Butler. Therefore, Mr. Howse has not filed a timely notice of appeal from the March 22, 2000 order dismissing his claims against the defendants other than Dr. Butler as required by Tenn. R. App. P. 4(a). Because compliance with Tenn. R. App. P. 4(a) is mandatory and jurisdictional in civil cases, *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985); *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 424 (Tenn. Ct. App. 1983), we cannot use Tenn. R. App. P. 2 to excuse Mr. Howse from this oversight. Accordingly, we have determined that Mr. Howse has not properly perfected an appeal from the March 22, 2000 dismissal of his claims against all the defendants except Dr. Butler.[6]

---

[6]The facts of this case differ from the more common circumstance giving rise to a premature notice of appeal. Premature notices of appeal generally occur when a plaintiff attempts to appeal from the dismissal of one, but not all, of its claims against a single defendant. This notice is premature because the trial court has not yet adjudicated all the claims between the parties. However, the premature notice of appeal clearly puts the defendant on notice that the plaintiff intends to seek appellate review. This case involves multiple parties. The filing of a premature notice of appeal from the dismissal of the plaintiff's claims against one of the parties does not necessarily put the remaining defendants on notice that the plaintiff will choose to appeal from the later dismissal of its claims against them.

## II.

Mr. Howse argues that the trial court erred by dismissing his claims against Dr. Butler for improper venue. He asserts that venue in Davidson County was proper because two of Dr. Butler's co-defendants work in Davidson County[7] and because the chancery court had accepted jurisdiction by ruling on various motions filed before the motion to dismiss for improper venue was filed. We respectfully disagree.

Venue is either local or transitory, depending on the subject matter of the cause of action. *State v. Graper*, 155 Tenn. 565, 569, 4 S.W.2d 955, 956 (1927). A cause of action that may arise anywhere is transitory, but one that could arise in only one place is local. *Burger v. Parker*, 154 Tenn. 279, 279, 290 S.W. 22, 22 (1927); *Sweatt v. Conley*, No. 01A01-9706-CH-00247, 1997 WL 749482, at *9 n. 4 (Tenn. Ct. App. Dec. 5, 1997) (No Tenn. R. App. P. 11 application filed). A person may violate another's civil rights anywhere, thus, a claim for the violation is a transitory action. *Davis v. Holland*, 31 S.W.3d 574, 575 (Tenn. Ct. App. 2000) ("[A] claim for violation of civil rights must be considered a transitory action because it can arise anywhere."); *Sweatt v. Conley*, 1997 WL 749482, at *5.

Unless governed by a specific statute, venue in transitory actions is governed by Tenn. Code Ann. § 20-4-101(a) (1994) which provides that "[i]n all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found." This language clearly permits the General Assembly to enact specific venue rules for particular types of transitory causes of action. *Five Star Express, Inc. v. Davis*, 866 S.W.2d 944, 946 (Tenn. 1993).

In 1996, the General Assembly enacted a statute specifically governing venue for causes of action filed by state prisoners.[8] Tenn. Code Ann. § 41-21-803 provides: "Except as otherwise provided by law, an action that accrued while the plaintiff inmate was housed in a facility operated by the department shall be brought in the county in which the facility is located." As a result of this statute, transitory actions filed by state prisoners have essentially been localized by statute. Accordingly, venue for these suits lies in the county where the facility is located.

As best as we can determine, the conduct involved in Mr. Howse's November 1997 complaint took place at the "NWCC." We assume that Mr. Howse used this abbreviation to identify the Northwest Correctional Center in Lake County. Because Tenn. Code. Ann. § 41-21-803 requires inmates to file their suits in the county where their alleged cause of action accrued, Mr. Howse should have filed his suit in the Circuit Court for Lake County rather than the courts in Davidson County. Thus, the venue for his claims against Dr. Butler was clearly improper.

---

[7]Mr. Howse did not identify which of the defendants worked in Davidson County.

[8]Act of April 24, 1996, ch. 913, § 3, 1996 Tenn. Pub. Acts 569, 570.

Dr. Butler did not waive his opportunity to challenge venue simply by filing motions to dismiss raising other grounds. Venue is a personal privilege that can be waived if not raised in a timely manner, *Metropolitan Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 880 (Tenn. Ct. App. 1982). However, this waiver rule does not apply when transitory actions have been localized by statute. In those circumstances, venue is intertwined with the trial court's subject matter jurisdiction which cannot be conferred by waiver or consent. *Curtis v. Garrison*, 211 Tenn. 339, 344, 364 S.W.2d 933, 935 (1963); *Terminix Int'l Co. v. Tapley*, No. 02A01-9701-CH-00028, 1997 WL 437222, at *5 (Tenn. Ct. App. Aug. 4, 1997) (No Tenn. R. App. P. 11 application filed).

## III.

We affirm the March 11, 1999 order dismissing Mr. Howse's claims against Dr. Butler, and we conclude that Mr. Howse's appeal from the March 22, 2000 order dismissing his claims against Commissioner Campbell and the remaining defendants should be dismissed for failure to file a timely notice of appeal regarding these claims. We remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Curley Howse for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH , JR., JUDGE