IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 2, 2018

## LITTLE HURRICANE PROPERTIES, LLC v. RALPH CAFARO, JR., et al.

**Appeal from the Chancery Court for Cumberland County**
**No. 2017-CH-1267     Ronald Thurman, Chancellor**

_____

**No. E2017-01781-COA-R3-CV**

_____

Little Hurricane Properties, LLC ("Plaintiff") filed its Complaint to Remove Cloud on Title and for Injunction against Ralph Cafaro and Margetta Langlois ("Defendants") in the Chancery Court for Cumberland County ("the Trial Court"). The properties at issue are located in Cumberland and DeKalb Counties. The Trial Court ruled in favor of Plaintiff. Defendants appealed. We hold that, to the extent Plaintiff seeks to quiet title to land in DeKalb County, Cumberland County is not the proper venue. We vacate that element of the Trial Court's judgment and remand for this case to be transferred to an appropriate court in DeKalb County to address Plaintiff's action to quiet title to land in that county. Otherwise, we affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed, in Part, and Vacated, in Part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Ralph Cafaro and Margetta Langlois, pro se appellants.

C. Douglas Fields, Crossville, Tennessee, for the appellee, Little Hurricane Properties, LLC.

# MEMORANDUM OPINION[1]

## Background

In June 2017, Plaintiff filed its Complaint to Remove Cloud on Title and for Injunction against Defendants in the Trial Court. Plaintiff sought declaratory judgment and injunctive relief regarding properties it owns in Cumberland and DeKalb Counties. In its August 2017 final order, the Trial Court found the actions of Defendants in asserting their liens to be "malicious, fraudulent and without any legal basis." The Trial Court ordered the following:

> 1. The lien filed in Book 1499, Page 855 in the Cumberland County Register of Deeds office is null and void;
> 2. The court appoints the Clerk and Master in each county in the Thirteenth Judicial District as Special Master in that county for this case;
> 3. Any documents presented by [Defendants] to a register of deeds office in the Thirteenth Judicial District of Tennessee shall be reviewed by the special master in that county before being filed;
> 4. All costs of this action, including attorney's fees, are taxed to [Defendants], and each is jointly and severally liable for these costs;
> 5. A judgment in the amount of $3,020.50 is awarded against [Defendants]

Defendants timely appealed.

Plaintiff filed a motion pursuant to Tenn. R. Civ. P. 60.02 in the Trial Court seeking to amend the final order to include a DeKalb County lien to be invalidated. The Trial Court granted the motion. Plaintiff filed a motion to amend the amended final order, this time asserting that there was a scrivener's error as to the book and page number of the lien being invalidated. The Trial Court granted this motion, as well.

As the case already had been appealed, we identified a jurisdictional problem with the Trial Court considering Plaintiff's Rule 60.02 motion. Consequently, this Court entered an order *nunc pro tunc* conferring jurisdiction upon the Trial Court for the limited purpose of entering its amended final order. The record on appeal was supplemented to include the Trial Court's amended final order, which declared that "the lien that is of

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

record in Record Book 414, Page 378, Register of Deeds Office, DeKalb County, Tennessee" is "void ab initio." This appeal is now properly before us.

## Discussion

We are unable to discern any issues pro se Defendants raise on appeal because their brief in no meaningful way complies with the Tennessee Rules of Appellate Procedure or the Rules of this Court. As we have warned repeatedly:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988).... As noted in *England v. Burns Stone Company, Inc.*, 874 S.W.2d 32, 35 (Tenn. Ct. App. 1993), parties cannot expect this court to do its work for them. This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (*citing Airline Const. Inc., [sic] v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

Consisting of fragmentary phrases, lengthy digressions, and statements devoid of any basic context let alone appropriate citations, Defendants' brief is completely unhelpful to our appellate review. We, therefore, deem as waived any issues Defendants attempt to raise on appeal.

This does not conclude the matter, however. While Defendants waived their issues with their deficient brief, the question of subject matter jurisdiction is so crucial that we are constrained to consider it ourselves. This Court has discussed the significance of subject matter jurisdiction:

> In the absence of subject matter jurisdiction, a court cannot enter a valid, enforceable order. Therefore, subject matter jurisdiction may be raised at any time by the parties or by the appellate court, *sua sponte* on appeal.

When subject matter jurisdiction is questioned, the court must first determine the nature of the case and then ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred on it the power to adjudicate the case before it.

*Earls v. Mendoza*, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011) (citations omitted), *no appl. perm. appeal filed*.

We, therefore, proceed to consider *sua sponte* whether the Trial Court lacked subject matter jurisdiction. Regarding the local jurisdiction of Chancery Court, Tennessee law provides as relevant:

The local jurisdiction of the chancery court is subject to the following rules:

(1) All bills filed in any court seeking to divest or clear the title to land, or to enforce the specific execution of contracts relating to realty, or to foreclose a mortgage or deed of trust by a sale of personal property or realty, shall be filed in the county in which the land, or a material part of it, lies, or in which the deed or mortgage is registered . . . .

Tenn. Code Ann. § 16-11-114 (1) (2009).

In contrasting transitory actions with local actions, this Court has discussed where local actions must be brought:

An important distinction to be made for the purpose of determining proper venue is between causes of action that are deemed to be transitory and those that are deemed to be local. "A transitory action is based on a cause of action of a type that can arise anywhere." *Curtis v. Garrison*, 211 Tenn. 339, 364 S.W.2d 933, 936 (Tenn. 1963); *Burger v. Parker*, 154 Tenn. 279, 290 S.W. 22, 22 (Tenn. 1926). Some obvious examples of a transitory action would be a claim for a personal injury arising from a tort, or an action for recovery of personal property.

In contrast, a local action is based on a cause of action that can only arise in a particular locality, because "the subject of the action" (meaning that which has sustained the injury complained of) is local, "and cannot be injured at any other place." *Burger v. Parker*, 290 S.W. at 23. Local actions generally involve land. Examples include an action to quiet title to land, a trespass, or an injury to real estate. However, not every action that involves a specific tract of land is considered a local action. For example,

in *Mattix v. Swepston*, 127 Tenn. 693, 155 S.W. 928 (Tenn. 1913), a suit that arose from obstruction of an easement was determined to be a transitory action, because the damages complained of were to the plaintiff's timber business, not to the land itself nor to the plaintiff's title to that land.

\*\*\*

Unlike a transitory action, a local action may only be brought in the county where the subject matter of the dispute is located. *State ex rel. Logan v. Graper*, 155 Tenn. 565, 4 S.W.2d, 955, 956 (Tenn. 1927). Our Supreme Court has stated that, "[t]he Courts of our State have no jurisdiction of local actions brought in the wrong county and consent cannot give jurisdiction." *Curtis v. Garrison*, 364 S.W.2d at 936. Thus, when a party files a complaint for an action that is local in nature, venue for that action becomes jurisdictional. *Pack v. Ross*, 288 S.W.3d at 873; *Hawkins v. Tennessee Department of Corrections*, 127 S.W.3d 749, 753-754 (Tenn. Ct. App. 2002).

*Kampert v. Valley Farmers Co-op.*, No. M2009-02360-COA-R10-CV, 2010 WL 4117146, at \*2-3 (Tenn. Ct. App. Oct. 19, 2010), *Rule 11 appl. perm. appeal denied Feb. 16, 2011*.

While titled differently, Plaintiff's complaint may be construed only as an action to quiet title.[2] As discussed in *Kampert*, an action to quiet title is a local action and as such "may only be brought in the county where the subject matter of the dispute is located." *Id*. at \*3. Here, the Chancery Court for Cumberland County attempted to invalidate a DeKalb County lien. In light of Tennessee law on the jurisdictional requirements for local actions such as this, the Trial Court erred in that respect. Plaintiff observes on appeal that "[i]t is not as though the Chancellor would have a different opinion as to the validity of the documents filed if the Chancellor was sitting in Dekalb County as opposed to Cumberland County." Plaintiff may have a valid point, but the law's requirements are clear. This is so even though DeKalb County is part of the 13th Judicial District, as is Cumberland County, and is the judicial district where this Chancellor presides. We vacate the Trial Court's judgment invalidating a DeKalb County lien. Otherwise, we affirm the Trial Court.

There is a mechanism in our law for transferring actions to a court of proper jurisdiction. Tenn. Code Ann. § 16-1-116 provides as follows:

---

[2] Plaintiff's counsel on appeal was not trial counsel.

Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action . . . is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

Tenn. Code Ann. § 16-1-116 (2009).

Pursuant to this statute, we direct the Trial Court on remand to transfer this case to an appropriate court in DeKalb County to address Plaintiff's action to quiet title to land in that county. The judgment of the Trial Court is affirmed, in part, and vacated, in part.

### Conclusion

The judgment of the Trial Court is affirmed, in part, and vacated, in part, and this cause is remanded to the Trial Court for transfer to an appropriate court in DeKalb County to address Plaintiff's action to quiet title to land in that county. The costs on appeal are assessed one-half equally against the Appellants, Ralph Cafaro and Margetta Langlois, and their surety, if any, and the Appellee, Little Hurricane Properties, LLC.

_____
D. MICHAEL SWINEY, CHIEF JUDGE